IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                 )
                                          )
                        Plaintiff,        )
            v.                            )            No. 2:20-CR-56-JRG-HBG
                                          )
ERIN DOUGHERTY MCARDLE, and               )
TOMMY TYLEE HENRY,                        )
                                          )
                        Defendants.       )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case is before the Court on the following pretrial

motions by Defendants Erin D. McArdle and Tommy T. Henry:

     (1) Motion for Notice of Government's Intention to Use Residual
         Hearsay Exception Under Federal Evidence Rule 807 [Doc.
         17];

     (2) Preliminary *Bruton*-type Motion by Defendant McArdle to
         Suppress Government's Use in Its Case-in-chief of Testimonial
         Statements Made to Law Enforcement by Co-Defendant
         Tommy Henry [Doc. 18];

     (3) Motion for Early Disclosure of Federal Rule of Evidence
         404(b)-Type Evidence [Doc. 19];

     (4) Motion for Early Disclosure of Federal Rule of Evidence 1006
         Summaries [Doc. 20];

     (5) Motion for Government to Disclose All Out-of-court
         Statements Intended to Be Introduced at Trial Pursuant to
         Federal Evidence Rule 801(d)(2)(E) to Allow the Defense to
         Make Meaningful Objections and to Assist the Court in
         Determining the Preferred Method to Determine Whether the
         Statements Will Be Admitted at Trial [Doc. 21];

(6) Motion of Defendant Erin D. McArdle to Compel Discovery and Inspection from the Government and for the Government to Respond Whether Discovery Requested by the Defense, in Fact, Exists [Doc. 22];

(7) Defendant Tommy T. Henry's Motion to Adopt Co-defendant Erin McArdle's Motions [Doc. 25]; and

(8) Defendant Tommy Henry's Motion to Adopt, in Part, Co-defendant Erin McArdle's Motion to Compel Discovery and Inspection from the Government and for the Government to Respond to Whether Discovery Requested by the Defense, in Fact, Exists [Doc. 26].

The parties appeared before the undersigned on November 9, 2020, for oral argument on the motions. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorneys Donald A. Bosch and Ann C. Short represented Defendant Erin McArdle, who was also present. Attorneys David M. Eldridge, appearing by telephone, and Zachary R. Walden represented Defendant Tommy Henry. At the conclusion of the hearing, the Court took the motions under advisement.

## I. ANALYSIS

The Defendants[1] ask the Court to order specific discovery [Docs. 22 & 26] and for pretrial notice of the Government's intent to use the residual hearsay exception [Doc. 17], other acts evidence [Doc. 19], summary exhibits [Doc. 20], and coconspirator statements [Doc. 21]. Defendant McArdle also asks the Court to prohibit the Government from using the statements of

---

[1] Defendant Henry asks [Doc. 25] to adopt four of Defendant McArdle's motions [Docs. 17, 19, 20, & 21] in full and to adopt parts of Defendant McArdle's discovery motion [Doc. 26]. Defendant Henry's request to join in these motions is **GRANTED**. For purposes of this analysis, document 26 will be treated as a motion to compel discovery, as it also raises a specific discovery request not advanced in Defendant McArdle's motion.

2

Codefendant Henry in their joint trial [Doc. 18].  The Court examines each of these issues in turn.

**A. Discovery [Docs 22 & 26]**

Rule 16(a)(1)(E) requires the government to permit a defendant to inspect and copy evidence within the government's control that is "material to preparing the defense," that the government intends to use in its case-in-chief at trial, or that "was obtained from or belongs to the defendant."  The Defendants ask the Court to order the Government to disclose five specific items or categories of information,[2] which they contend are material to their defense.  Alternatively, the Defendants ask the Court to order the Government to confirm that the requested items do not exist.  The Defendants state that prior to filing their motions to compel discovery, they sought these items from the Government directly and informally to no avail.  The Government responds that the Defendants' specific discovery requests exceed its discovery obligations.  The Court examines each specific discovery request in turn.

*(1) Information from Defendant McArdle's Google Email Account*

Defendant McArdle asks the Court to order the Government to disclose any information it received from her Google email account.  In this regard, she states that discovery contained a letter from the Government to Google asking Google to preserve information in Defendant McArdle's email account.  The Government responds that it is not required to disclose whether it obtained information from Defendant McArdle's email account.

_____

[2] Defendant McArdle makes specific discovery requests (1) through (4).  Defendant Henry joins in specific discovery requests (2) through (4) and separately advances a fifth specific discovery request.

3

At the motion hearing, AUSA Morris stated that the Government has not obtained information from Defendant McArdle's email account, with the exception of information that Defendant McArdle provided to the Sullivan County Sheriff's Office ("SCSO") in support of a complaint against Defendant Henry. Mr. Morris stated that the Government would provide the email and Facebook information that Defendant McArdle provided to the SCAO to counsel that day or the next.

The Court finds this specific discovery request to be **MOOT**, as the Government did not receive Defendant McArdle's email information from Google and what email information it possesses (email that Defendant McArdle provided to the SCSO in support of a complaint against Defendant Henry), it will disclose to counsel.

*(2) Reports or Findings of IRS-CI Special Agent Nicholas Worsham*

Defendants state that discovery reveals that Special Agent Nicholas Worsham of the IRS Criminal Investigation Division obtained and reviewed financial records relevant to this case. Defendants ask the Court to compel the Government to disclose any reports or findings by Agent Worsham or, alternatively, to confirm that no such reports or findings exist. The Government responds that it has provided Defendants with statements of Agent Worsham, including a Memorandum of Interview relating to an interview of Defendant McArdle in which Agent Worsham participated. It contents that Defendants are not entitled to other reports of Agent Worsham, such as reports of witness interviews, at this stage in the proceedings.

At the motion hearing, AUSA Morris argued that the Defendants' request for reports and "findings" by Agent Worsham is overly broad. He stated that he has disclosed some information from Agent Worsham, but the Defendants are not entitled to receive other information at this

4

stage in the proceedings. He asserted that the Government is aware of its discovery obligations and intends to comply with them.

As a general rule, the Government is not required to disclose in discovery the "reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). However, statements of prospective government witnesses are subject to the Jencks Act. *Id.* The Jencks Act provides, in pertinent part,

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a); *see also* Fed. R. Crim. P. 26.2. "The Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir.), *cert. denied* 457 U.S. 1119 (1982). However, the "defendant is only entitled to the statement after the witness has testified." *Id.* Thus, the Defendants are not entitled to *pretrial* disclosure of the reports of Agent Worsham.[3] The Defendants' second specific discovery request is **DENIED**.

*(3) SCSO Affidavit of Complaint*

The Defendants state that they received in discovery the front page of an affidavit of complaint, which Defendant McArdle made against Defendant Henry. Defendant McArdle contends that "a criminal affidavit of complaint at the general sessions court level is either a

---

[3] The Court adds the caveat that if Agent Worsham will testify as an expert witness for the Government, the Government must disclose a written summary of his testimony, describing his "opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). The Court's Order on Discovery and Scheduling requires that the Government's expert disclosures be made at least three weeks before trial [Doc. 10, ¶ L].

multi-page document or a double-sided document" [Doc. 22, p.3]. Defendants contend that the missing portion of the affidavit of complaint could contain information material to their defense, such as whether Defendant Henry received favorable treatment, the amount of bond and whether the bond was lowered, and information on the dismissal of the charges. Defendant McArdle states that in response to her request for the additional page or pages of the affidavit of complaint, the Government said the document was available publicly, so it was not obligated to provide it to her. Defendant McArdle responded to the Government that the public records relating to this complaint were expunged when the charges were dismissed and again asked the Government to obtain and provide any missing pages. She states that the Government has not responded to this request.

The Government responds that it provided all of the affidavit of complaint in its possession in discovery. It argues that the Court should not compel it to produce documents not in its possession. The Government also maintains that it has provided information on whether Defendant Henry received favorable treatment in connection with his arrest on the state warrant and on the circumstances surrounding the dismissal of the charges against Defendant Henry.

At the motion hearing, Mr. Walden argued that the complete affidavit of complaint exists in two places: (1) the Sullivan County Clerk's Office maintains a copy under seal and (2) the Tennessee Bureau of Investigation retains a copy or abstract. Mr. Walden argued that the Defendants do not have access to either copy but that the Government could seek this information.

AUSA Morris said that only one page of the affidavit of complaint was attached to the memorandum of interview and that the Government has disclosed that page to Defendants in discovery. He also argued that the Defendants are aware of the information they seek, such as

Case 2:20-cr-00056-JRG-HBG   Document 54   Filed 01/15/21   Page 6 of 25   PageID #: 397

when and by whom the charges were dismissed. He said the Defendants are asking the Government to conduct an investigation to assist their defense. AUSA Morris asked the Court to deny this request, because the Government is not required to seek out information not in its possession.

Mr. Bosch responded that the additional pages of the affidavit of complaint are material to the defense, because he believes they would show that Defendant Henry's bond was lowered several times at the request of law enforcement. Mr. Bosch said he believes the Government does not have the additional pages of the affidavit of complaint in its possession, but the Government has the ability to get this information. He stated that state law prevents him from obtaining TBI records, and he cannot get sealed information from the Sullivan County Clerk's Office.

Rule 16(a)(1)(E) requires that an item be "in the government's possession, custody, or control" before it is subject to discovery. Records in the possession of the agency that aided in the investigation of the case are considered to be in the government's control. *United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018).

> The prosecution is not required to conduct an interagency search for evidence. However, for Rule 16 purposes, material will be considered as being in the possession of the government only if it is in the actual possession of the prosecutor or if the prosecutor has knowledge of and access to the material while it is in the possession of another *federal* agency.

*Id.* (emphasis supplied). In the instant case, the prosecutor does not have actual custody of the back or additional pages of the affidavit of complaint. Although the front page of the affidavit of complaint was attached to an FBI memorandum of interview, AUSA Morris states that the remainder of the affidavit of complaint is not in the Government's possession. Neither the

Sullivan County Clerk's Office, nor the TBI are federal agencies, and the federal prosecutor does not have access to their records. The Defendants' third specific discovery request is **DENIED**.

*(4) Attorney Matt King's File Relating to the Representation of Gonzalo Moralez*

The Defendants ask the Court to compel the Government to produce the file of Attorney Matt King relating to his representation of Gonzalo Moralez in Washington County Criminal Court case number 34893. They argue that this information is material to allegations that Defendant McArdle was contacted by an attorney concerning a charge pending in Washington County against the father of Victim 2, who is Gonzalo Moralez. The Government responds that it does not possess any client files of Attorney Matt King and cannot be compelled to provide what it does not possess. At the motion hearing, Mr. Walden acknowledged that this request is moot, because the Government does not have Mr. King's file. The Court agrees this request is **MOOT**.

*(5) Information from Defendant Henry's Google Email Account*

Defendant Henry asks the Court to compel the Government to disclose information obtained from Google, Inc., in relation to his email account with the address hmhomerenovations@gmail.com. He contends that in discovery, he received a preservation request by the Government to Google, asking that records for this email account be preserved. Defendant Henry states that the Government has not provided any information from this account in discovery, nor has it responded to counsel's email asking if this information was obtained. At the motion hearing, AUSA Morris responded that the Government has provided both Defendants will all email information in its possession. The Court finds Defendant Henry's request for information from his hmhomerenovations@gmail.com account is **MOOT**, because the Government does not have this information.

8

In summary, the Defendants' motions to compel discovery [**Docs. 22 and 26**] are **DENIED**, because the information is not in the possession of the Government or, with regard to the first demand, the Government agreed to disclose what partial information it has.

**B. Pretrial Notice**

The Defendants move the Court to require the Government to provide advance notice of its intent to use the residual hearsay exception [Doc. 17], other acts evidence [Doc. 19], summary exhibits [Doc. 20], and coconspirator statements [Doc. 21]. At the November 9 motion hearing, Mr. Bosch argued that expanding the time for notice of evidence and exhibits is appropriate and necessary in this case, because limitations and restrictions relating to the COVID-19 pandemic have hindered defense counsels' ability to investigate and prepare for trial.

*(1) Residual Hearsay Exception [Doc.17]*

Federal Rule of Evidence 807 permits the use of a hearsay statement, even if that statement does not fall within the hearsay exceptions in Rules 803 or 804, under the following conditions:

> (1) if the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a). Rule 807 (b) requires that the proponent of the residual hearsay statement give the opposing party "reasonable notice" in writing "of the intent to offer the statement—including its substance and the declarant's name—so that the party as a fair opportunity to meet it." Fed. R. Evid. 807(b). The Defendants ask the Court to order the Government to provide

notice of any residual hearsay statements, to include the name and address of the declarant, sixty (60) days before trial [Doc. 17].  At the motion hearing, defense counsel argued that notice two months before trial is necessary for counsel to prepare to meet the proposed residual hearsay, given the difficulty conducting investigations during the pandemic.

The Government opposes the sixty-day time frame but agrees to provide reasonable notice fourteen (14) days before trial of its intent to introduce residual hearsay pursuant to Rule 807 [Doc. 36].  The Government contends this deadline should be applied to both parties and that notice should include the substance of the statement and the declarant's name, as required by the Rule.

The Court agrees that COVID-19 has generally hindered the parties' abilities to interview witnesses and conduct investigations.  Moreover, the Court has recently recognized "a significant increase in the rate of COVID-19 in all divisions of the Eastern District of Tennessee" based upon "key indicators—including positivity rates, hospitalization rates, and cumulative positive cases[.]"  E.D.TN SO-21-01 (entered Jan. 4, 2021).  Accordingly, the Court finds that reasonable notice under the circumstances of this case is thirty (30) days before trial.[4]  This time frame will give counsel time to investigate any residual hearsay statements before the deadline for motions *in limine*.[5]  As specified in the Rule, notice shall be in writing and shall consist of the substance

---

[4] The trial of this case is presently set for February 16, 2021.  However, this trial date will necessarily have to be continued based upon the standing orders of the Court.  On January 4, 2021, Chief United States District Judge Travis R. McDonough extended the continuation of all jury trials in this district to February 28, 2021.  E.D.TN SO-21-01.

[5] The deadline for filing motions *in limine* is presently set for fifteen days before trial.

of the hearsay statement and the declarant's name.[6]  Fed. R. Evid. 807(b).  The Defendants'

Motion for Notice of Government's Intention to Use Residual Hearsay Exception Under Federal

Evidence Rule 807 [**Doc. 17**] is **GRANTED in part** in that the Court requires *both parties* to

provide notice pursuant to Federal Rule of Evidence 807(b) **thirty (30)** days before trial.

*(2) 404(b) Evidence [Doc. 19]*

"Evidence of any other crime, wrong, or act is not admissible to prove a person's

character in order to show that on a particular occasion the person acted in accordance with the

character."  Fed. R. Evid. 404(b)(1).  However, such evidence of other crimes, wrongs, or acts

"may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid.

404(b)(2).  In criminal cases, a prosecutor who intends to use evidence of other crimes, wrongs,

or acts must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so the defendant as a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

---

[6] The requirement of providing the declarant's address was omitted in the 2019 amendments to Rule 807, because the address is typically known or easily obtained.  Fed. R. Evid 807(b) advisory committee's note to 2019 amendment.  "If prior disclosure of the declarant's address is critical and cannot be obtained by the opponent through other means, then the opponent can seek relief from the court."  *Id.*

Fed. R. Evid. 404(b)(3). The Court's Order on Discovery and Scheduling provides that "[u]nless otherwise ordered by the Court 'reasonable notice' [of 404(b)-type evidence] shall be deemed to be seven (7) calendar days before trial" [Doc. 10, ¶ I].

The Defendants move the Court to order the Government to provide pretrial notice of its intent to use 404(b) evidence one week before the plea deadline (thirty-six days before the current trial date) to give defense counsel sufficient time to challenge the admissibility of this evidence in a pretrial hearing [Doc. 19]. They contend that the discovery indicates the Government may seek to offer 404(b)-type evidence, which they would contest. The Defendants also ask the Court to order the Government to provide in its notice the factual details of the evidence, how the Government will introduce the evidence (whether by testimony or an exhibit), the name of the witness who will give the testimony or present the exhibit, whether the evidence is part of an ongoing criminal investigation, and which element of the charged offenses the Government contends the evidence proves. At the motion hearing, Mr. Bosch argued that time beyond the seven-day deadline is needed in this case to permit counsel to conduct an independent investigation of the evidence at issue. He noted that the surging COVID-19 pandemic in upper East Tennessee makes it hard to interview witnesses, particularly state government employees who cannot be contacted by telephone. Mr. Bosch asserted that earlier notice is necessary in order to avoid a trial continuance.

The Government argues that the current seven-day disclosure deadline for 404(b)-type evidence is adequate to allow the Defendants to object to the evidence [Doc 34]. It contends that the Defendants have notice, from discovery, of potential 404(b)-type evidence, which permits them to argue that such evidence should not be admitted under Rule 404(b). At the motion

hearing, AUSA Morris argued that nothing about this case separates it from the typical criminal case in which the Court has deemed notice seven days before trial to be reasonable. Mr. Bosch responded that although the Defendants have notice of some potential 404(b) evidence from discovery, the Government is not limited to this evidence.

As stated above, the Court finds that the COVID-19 pandemic will potentially hinder defense counsel's ability to contact witnesses. However, the Court also finds, based on the representations in the motion and at the motion hearing, that defense counsel have knowledge of some potential 404(b)-type evidence.[7] The Court finds that pretrial notice of the intent to use 404(b)-type evidence three weeks before trial is reasonable in this case. Notice three weeks before trial will give Defendants time to challenge the admissibility of any 404(b)-evidence in a motion *in limine*, the deadline for which is fifteen days before trial. Accordingly, the Defendants' Motion for Early Disclosure of Federal Rule of Evidence 404(b)-Type Evidence [**Doc. 19**] is **GRANTED in part**, in that the Government is **ORDERED** to provide notice under Federal Rule of Evidence 404(b)(3) **three** weeks before trial. This notice shall be in writing and shall include "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose" as required by Rule 404(b)(3)(B)-(C).

*(3) Summary Exhibits [Doc. 20]*

Federal Rule of Evidence 1006 permits a party to use "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be

---

[7] In this regard, Defendant McArdle filed exhibits [Doc 42-1 & 42-2, SEALED], which she argues contain potential 404(b)-type evidence. Defendant contends that upon receiving notice of the Government's intent to use any of this information, she will need time to prepare a brief and determine the need for pretrial hearings on its admissibility. The Court finds that because defense counsel are aware of this information, they may begin preparations to challenge it, even before the notice deadline.

13

conveniently examined in court." Fed. R. Evid. 1006. In order to use a summary exhibit, the "proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." *Id.* Additionally, "the court *may* order the proponent to produce [the originals or duplicates] in court." *Id.* (emphasis added). In the instant case, the Defendants ask the Court to order the Government to provide any summary exhibits it intends to use at trial to defense counsel one week before the plea deadline (thirty-six days before trial) to permit defense counsel to determine whether the summary exhibits are accurate and/or prejudicial [Doc. 20]. At the motion hearing, Mr. Bosch argued that this case involves voluminous banking and telephone records. He asserted that defense counsel will need time to determine whether the Government's summary exhibits of this evidence are accurate and not prejudicial.

The Government responds in opposition, arguing that neither Rule 1006, nor the case law in this circuit, require it to disclose its summaries pretrial [Doc. 33]. Instead, the Government will identify any Rule 1006 summary exhibits on its exhibit list, will provide a list or description of the documents supporting the summaries, and will state when and where the underlying documents may be reviewed. It contends that this is all that Rule 1006 requires. At the motion hearing, Mr. Bosch conceded that nothing requires the Government to disclose its summary exhibits in advance of trial. However, he argued that summary exhibits were routinely provided before trial and that pretrial disclosure was necessary to avoid a delay during trial. AUSA Morris stated that the Government has not yet determined whether it will use summary exhibits in this case.

14

Our appellate court "has interpreted Rule 1006 as imposing five requirements for the admission of an evidentiary summary:"

> (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (citing *United States v. Bray*, 139 F.3d 1104, 1009-10 (6th Cir. 1998)), *cert. denied* 537 U.S. 1145 (2003). In the instant case, the Defendants focus on their ability to object to the accuracy and prejudicial nature of potential Government summary exhibits. The Government asserts that the parties may not complete any summary exhibits until shortly before trial. The parties agree that Rule 1006 has no pretrial notice requirement.

Rule 1006 does not require pretrial notice of summary exhibits. Although the proponent of a summary exhibit must make the underlying information, i.e. the information summarized, available for inspection and copying at a reasonable time and place, the proponent does not have to give the opponent a copy of the summary exhibit itself. *United States v. Jamieson*, 427 F.3d 394, 409-10 (6the Cir. 2005), *cert. denied*, 547 U.S. 1218 (2006). Moreover, the Court finds that, as a practical matter, the summary exhibits may not exist at the time the Defendants seek their disclosure more than a month before trial. Accordingly, the Defendants' Motion for Early Disclosure of Federal Rule of Evidence 1006 Summaries [**Doc. 20**] is **DENIED**. However, it is the policy of the Court to encourage the parties to meet and confer on exhibits to determine

15

whether the parties can agree to stipulate to the exhibits.  In this regard, the Court encourages all parties to disclose any summary exhibits to opposing counsel one week before trial.[8]

### (4) Coconspirator Statements [Doc. 21]

The Defendants move the Court to order the Government to provide written notice sixty (60) days[9] before trial of all out-of-court statements that it intends to introduce under Federal Rule of Evidence 801(d)(2)(E) [Doc. 21].  They ask that the notice include (1) the substance of the statement, as well as (2) when, where, and by whom the statement was made, and (3) a summary of the evidence the Government will present to establish the conspiracy, the declarant's involvement in the conspiracy, and that the statement was made in furtherance of the conspiracy. The Defendants also ask for time following the notice to respond to it and to seek a hearing on the existence of the conspiracy, if warranted.  The Government does not object to the requested pretrial notice but opposes the timing requested by the Defendants, arguing that notice fourteen (14) days before trial is sufficient for the parties to litigate the admissibility of 801(d)(2)(E) statements [Doc. 38].  The Government also does not oppose the Defendants' request to file a response or objections to the notice and asks that the Court set a deadline of seven days before trial for this response and permit the Government to file a reply within three days of the Defendants' objections.

At the motion hearing, Mr. Bosch argued that fourteen days pretrial notice is insufficient due to the ongoing pandemic and unforeseen issues that could arise in scheduling a pretrial

---

[8] The Clerk's office will contact the parties regarding the time for producing their exhibits to the Court for trial.  Typically, the parties must provide exhibits the Friday before trial.

[9] In her motion, Defendant McArdle asks for pretrial notice of Rule 801(d)(2)(E) statements thirty (30) days before trial [*see* Doc. 38, p.1].  However, at the motion hearing, Mr. Bosch requested notice sixty (60) days before trial.

hearing and the appearance of federal agents at the pretrial hearing. Mr. Walden argued that Rule 801(d)(2)(E) statements appear to factor heavily in the Government's proof. He asserted that it may be difficult to schedule a hearing on the existence of the conspiracy on short notice. AUSA Morris responded that nothing about this case takes it out of the heartland of cases that have come before the Court. Thus, he argued that notice of the Government's intent to use co-conspirator statements fourteen days before trial will permit the parties to litigate any questions of admissibility before the Court.

Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. In the instant case, the Court finds the Defendants request and the Government agrees to provide pretrial written notice of any evidence the Government intends to offer under Rule 801(d)(2)(E). The notice shall include (1) the substance of the statements to be offered under Rule 801(d)(2)(E); (2) when, where, and to whom the statements were made; and (3) a summary of the evidence that the Government will present to establish the existence of the conspiracy, that the declarant was a member of the conspiracy, and that the statements were made during and in furtherance of the conspiracy. The Government further agrees that the Defendants should have time to object or respond to the pretrial notice and asks for three days to file a reply, after their objections. However, the parties differ widely on the timing for the pretrial notice. The Defendants ask for notice sixty days before trial, arguing that the need to schedule a pretrial hearing and to assemble witnesses for that hearing requires additional time, given the ongoing coronavirus pandemic.

The Sixth Circuit has approved three procedures for resolving the admissibility of alleged coconspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government

17

present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. *Vinson*, 606 F.2d at 152-53 (6th Cir. 1979) (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). The decision of which of the three *Vinson* options to use falls squarely within the trial judge's sound discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative").

The Court agrees with the Government that notice two weeks before trial is sufficient in this case. It is the historical practice in this Court not to hold a pretrial hearing on the existence of the conspiracy but, instead, to permit the Government to introduce the coconspirator statements subject to proving by the close of its case-in-chief, that the statement was made during the course of and in furtherance of the conspiracy. In the cases cited by the Defendants in their motion the Court did not depart from this historical practice. In addition to the fact that a pretrial hearing on the existence of the conspiracy can be "burdensome, time-consuming and uneconomic," *Vinson*, 606 F.2d at 152, it creates an additional occasion for potential exposure to the virus for witnesses and others in the courtroom. Thus, the Court finds that the reason cited by the Defendants, the ongoing COVID-19 pandemic, supports permitting the Government to introduce the coconspirator statements, subject to proving the existence of the conspiracy and that the statements were made in furtherance of the conspiracy by the close of its case-in-chief.

Accordingly, the Defendants' motion for pretrial notice of the Government's intent to use coconspirator statements [**Doc. 21**] is **GRANTED in part** in that the Government is **ORDERED** to provide pretrial written notice of any evidence the Government intends to offer under Rule

801(d)(2)(E). The notice shall include (1) the substance of the statements to be offered under Rule 801(d)(2)(E); (2) when, where, and to whom the statements were made; and (3) a summary of the evidence that the Government will present to establish the existence of the conspiracy, that the declarant was a member of the conspiracy, and that the statements were made during and in furtherance of the conspiracy. The Government shall provide notice of its intent to use coconspirator statements **fourteen (14) days** before trial. The Defendants shall file any objections to the Government's pretrial notice **seven (7) days** before trial, and the Government may file a reply **three (3) days** before trial.

## C. Codefendant Statements [Doc. 18]

"The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant 'to be confronted with the witnesses against him,' and this 'includes the right to cross-examine witnesses.'" *Cruz v. New York*, 481 U.S. 186, 187–89 (1987) (citing *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). In *Bruton v. United States*, the Supreme Court held that a defendant is deprived of that right when a codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. 391 U.S. 123. 135-36 (1968). Thus, under *Bruton*, "[w]here two or more defendants are tried jointly, . . . the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." *Cruz*, 481 U.S. at 190.

In the instant case, Defendant McArdle moves the Court to preclude the Government from introducing in its case-in-chief statements that Defendant Henry made to law enforcement, arguing that the admission of these statements would violate her Sixth Amendment right to confront the witnesses against her and her Fifth Amendment right to due process. She contends

that Defendant Henry made testimonial statements to law enforcement the admission of which would violate *Bruton*. Defendant McArdle doubts these statements could be redacted such that they would remove all reference to her. She asks that the Court order the Government to provide the proposed redacted statements to counsel and the Court as soon as possible, so that the parties may litigate the admissibility of the redacted statements.

The Government responds [Doc. 37] that Defendant Henry's statements are highly probative of his guilt and can be effectively limited to the statements that inculpate Defendant Henry. It contends that it will not seek to introduce Defendant Henry's statements through the written memoranda summarizing law enforcement's interviews of Henry. Instead, it will introduce Defendant Henry's statements through the testimony of an FBI agent who heard Henry make the statements. Thus, the Government asserts that the concerns about the jury seeing a written document with redacted references to Defendant McArdle are obviated. The Government argues that because it will introduce Defendant Henry's statements through a federal law enforcement officer, rather than a lay witness, it can ensure that the witness will not reference Henry's statements about Defendant McArdle during the witness's testimony. It contends the fact that evidence outside of Defendant Henry's statements implicates Defendant McArdle in the charged scheme does not violate the Confrontation Clause and is not a basis to exclude Henry's admissions.

At the motion hearing, Mr. Bosch argued that there is no distinction under *Bruton* between introducing a codefendant's written statement and introducing testimony about a codefendant's statement. He maintained that either way, because Defendant McArdle is the only other person charged in this case, the jury will infer that Defendant Henry's statements implicate

her.  Mr. Bosch stated that a limiting instruction directing the jury to consider Defendant Henry's statements only as to him will not cure the prejudice to Defendant McArdle from these statements.

AUSA Morris argued that the FBI agent's testimony will be limited to Defendant Henry's statements about his own acts and guilt.  He maintained that there is no redaction problem in this case, because the Government will not introduce the memoranda summarizing law enforcement's interviews of Defendant Henry, nor will it introduce a transcript or recording of the interviews.

The Court agrees with Defendant McArdle that the requirements of *Bruton* apply equally to a law enforcement officer's testimony about a nontestifying codefendant's statement and to the transcript or recording of the nontestifying codefendant's statement or to a written summary of the nontestifying codefendant's statement.  *See Bruton*, 391 U.S. at 124, 136-37 (holding that postal inspector's *testimony* that nontestifying codefendant confessed that he and defendant committed armed robbery violates Confrontation Clause, even with a limiting instruction); *see also United States v. Vega Molina*, 407 F.3d 511, 518-21 (1st Cir. 2005) (applying *Bruton* to agent's testimony about nontestifying codefendant's statement).  However, the Court finds that subsequent case law permits the introduction of a nontestifying codefendant's statement, if all reference to the defendant can be eliminated and a limiting instruction is given.  *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

In *Richardson*, the Supreme Court limited *Bruton* by upholding the introduction of a codefendant's statement, which was not facially incriminating to the defendant, even though the codefendant's statement became incriminating to the defendant when linked to other evidence

21

presented at trial. *Id.* at 208. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211. Therefore, "[c]ases interpreting *Bruton* have found no Confrontation Clause violation where a nontestifying codefendant's statement is redacted to omit any reference to the defendant and implicates the defendant only when linked to other evidence presented at trial." *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir.), *cert denied*, 136 S. Ct. 425 (2016) (citations omitted).

In its response, the Government states that the "FBI agent will testify that defendant Henry stated that Henry approached the victims and asked for money in exchange [for] 'help' with the victim's legal problems, as described [herein], without any references to Henry's statements concerning co-defendant McArdle" [Doc. 37, p.3]. The Government's response describes Defendant Henry's statements as follows: Henry approached "Victim 1, who was under investigation by the local drug task force . . . and offered to help Victim 1 resolve the investigation in exchange for money" [Doc. 37, p.2]. Regarding Victim 2, the Government contends

> Henry offered to assist with an arrest warrant pending against Victim 2's father in exchange for a cash payment. Henry described how he approached Victim 2 and solicited funds to help resolve the pending arrest warrant against Victim 2's father, whom Henry indicated had gone to Mexico and was unable to return to the United States. Henry described how he contacted the victim and offered his assistance and his meetings with Victim 2 to obtain cash.

[Doc. 37, p.2]. The Government also states that "Henry described other incidents in which he obtained cash from others in exchange for assistance with other pending criminal cases,

including an incident involving soliciting a $10,000 payment from Henry's stepfather" [Doc. 37, p.2].

After reviewing the summary of the agent's proposed testimony about Defendant Henry's statements, the Court finds the proposed testimony about Defendant Henry's statements does not refer to Defendant McArdle, even indirectly. Defendant McArdle argues that the agent's testimony about Defendant Henry's statements, even devoid of any direct or indirect mention of her, still implicate her, because she is the only other person charged in the case. However, "*Bruton* does not bar the use of a redacted codefendant's confession 'even if the codefendant's confession becomes incriminating when linked with other evidence adduced at trial.'" *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996) (quoting *United States v. DiCarlantonio*, 870 F.2d 1058, 1062 (6th Cir.1989)); *see also United States v. Ford*, 761 F.3d 641, 654 (6th Cir. 2014) (quoting *Cobleigh* and *DiCarlantonio*). Here, the Court finds the proposed testimony about Defendant Henry's statements only becomes incriminating when linked to other evidence that may be presented at trial.

In *United States v. Alkufi*, our appellate court addressed a confrontation clause challenge to the introduction of a nontestifying codefendant's statement in a case involving two codefendants. 636 F. App'x 323, 334-35 (6th Cir. 2016). Defendant Aoun argued that his codefendant's agreement that "you guys" had guns to protect themselves and their wares while selling drugs violated *Bruton*, because "in the context of the evidence presented at trial, 'you guys' could only be interpreted to include Aoun and Alkufi." *Id.* at 334. The Court upheld the introduction of Alkufi's statement:

> The law is clear that introduction into evidence of a nontestifying codefendant's statement does not violate the Confrontation Clause where it does not name the defendant, and implicates him only in light of other evidence presented at trial. *See Richardson*, 481 U.S.

at 207–08, . . .; [*United States v.*] *Ford*, 761 F.3d [641,] 654[ (6th
Cir. 2014)]. Although some redacted statements may still violate
*Bruton* where the redactions make clear a specific name was
omitted, . . . or where the statement itself contains information that
makes it obvious any redacted name is the defendant's, . . . neither
is the case here. Alkufi's statement did not name Aoun directly,
but implicated him by reference to other evidence from which the
jury could infer that he was one of the "guys."

*Id.* at 335 (internal citations omitted). The court observed that although only two defendants
were charged in the case, other people were at the house when the police arrived; thus, "this is
not a case where a codefendant's statement alone powerfully incriminates the defendant and
cannot be cured by a jury instruction." *Id.* In the instant case, the Government maintains that it
will not use Defendant Henry's statements against Defendant McArdle.

The Court finds the proposed testimony by the FBI agent regarding Defendant Henry's
statements does not implicate Defendant McArdle and, thus, does not violate *Bruton*. Defendant
McArdle's Preliminary *Bruton*-Type Motion [**Doc. 18**] is **DENIED**

## II.  CONCLUSION

The Court has considered the parties' filings and arguments, along with the relevant case law,

and **ORDERS** as follows:

(1) Defendant Henry's motion [**Doc. 25**] to join in motions filed by
Defendant McArdle is **GRANTED**;

(2) Defendants' motions to compel discovery [**Docs. 22 and 26**] are
**DENIED**;

(3) Defendants' Motion for Notice of Government's Intention to Use
Residual Hearsay Exception Under Federal Evidence Rule 807
[**Doc. 17**] is **GRANTED in part** in that the Court requires **both
parties** to provide notice pursuant to Federal Rule of Evidence
807(b) **thirty (30) days before trial**.;

(4) Defendants' Motion for Early Disclosure of Federal Rule of
Evidence 404(b)-Type Evidence [**Doc. 19**] is **GRANTED in part**,
in that the Government is **ORDERED** to provide notice under

24

Federal Rule of Evidence 404(b)(3) **three weeks before trial**. This notice shall be in writing and shall include the purpose for which the evidence is being offered and the reasoning in support of that purpose, as required by Rule 404(b)(3)(B)-(C);

(5) Defendants' Motion for Early Disclosure of Federal Rule of Evidence 1006 Summaries [**Doc. 20**] is **DENIED**. However, the parties are encouraged to disclose any summary exhibits to opposing counsel one week before trial;

(6) Defendants' Motion for Government to Disclose All Out-of-Court Statements Intended to be Introduced at Trial to Allow the Defense to Make Meaningful Objections and to Assist the Court in Determining the Preferred Method to Determine Whether the Statements Will Be Admitted at Trial [**Doc. 21**] is **GRANTED in part** in that the Government is **ORDERED** to provide pretrial written notice of any evidence the Government intends to offer under Rule 801(d)(2)(E) **fourteen (14) days** before trial. The notice shall include

> (a) the substance of the statements to be offered under Rule 801(d)(2)(E);
>
> (b) when, where, and to whom the statements were made; and
>
> (c) a summary of the evidence that the Government will present to establish the existence of the conspiracy, that the declarant was a member of the conspiracy, and that the statements were made during and in furtherance of the conspiracy.

The Defendants shall file any objections to the Government's pretrial notice **seven (7) days** before trial, and the Government may file a reply **three (3) days** before trial; and

(7) The Preliminary *Bruton*-Type Motion by Defendant McArdle to Suppress Government's Use in Its Case-in-chief of Testimonial Statements Made to Law Enforcement by Co-defendant Tommy Henry [**Doc. 18**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge